# EXHIBIT F

```
 1              IN THE UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF TEXAS
 2                       MARSHALL DIVISION

 3    MULTIMODAL MEDIA, LLC,      §
                                  §
 4         Plaintiff,             §
                                  §
 5    vs.                         § CASE NO.2:21-cv-00436-JRG-RSP
                                  §
 6    GUANGDONG OPPO MOBILE       §
      TELECOMMUNICATIONS CORP.,   §
 7    LTD.,                       §
                                  §
 8         Defendant.             §

 9

10              EXPERT ORAL ZOOM DEPOSITION

11            MR. JOSEPH C. MCALEXANDER, III

12                   February 14, 2023

13

14        EXPERT ORAL ZOOM DEPOSITION OF MR. JOSEPH C.

15   MCALEXANDER, III, produced as a witness at the

16   instance of the Defendant and duly sworn, was taken

17   in the above-styled and numbered cause on the 14th

18   day of February, 2023, from 10:03 a.m. to 12:57 p.m.,

19   before Michelle Hartman, Certified Shorthand Reporter

20   in and for the State of Texas and Registered

21   Professional Reporter, reported by computerized

22   stenotype machine at the offices of via Zoom

23   videoconference, pursuant to the Federal Rules of

24   Civil Procedure and the provisions stated on the

25   record or attached hereto.
```

Multimodal Media, LLC vs Guangdong Oppo Mobile Telecommunications Corp., Ltd.
Joseph C. McAlexander, III on 02/14/2023                                     Page 2

```
 1                      APPEARANCES

 2   FOR THE PLAINTIFF:

 3        Mr. Joseph Mercadante
          FABRICANT LLP
 4        411 Theodore Fremd Avenue,
          Suite 200 South
 5        Rye, New York, 10580
          Telephone: 646-797-4343
 6        E-mail: jmercadante@fabricantllp.com

 7   FOR THE DEFENDANT:

 8        Mr. Steven A. Moore
          DORITY & MANNING, P.A.
 9        2869 Historic Decatur Rd.,
          San-Diego, CA 92106
10        Telephone: 864-271-1592
          E-mail: smoore@dority-manning.com
11

12   ALSO PRESENT:

13        Huseby tech

14        Ms. Amy Pearson

15

16

17

18

19

20

21

22

23

24

25
```

Case 2:21-cv-00436-JRG-RSP   Document 58-7   Filed 03/03/23   Page 4 of 14 PageID #: 1072

Multimodal Media, LLC vs Guangdong Oppo Mobile Telecommunications Corp., Ltd.
Joseph C. McAlexander, III on 02/14/2023                                    Page 45

```
 1   the transmission is "one of" and you can send a text,
 2   a voice and a text/voice combination.
 3            Q.  (BY MR. MOORE)  Thank you.  That wasn't my
 4   question.  My question was:  Is sending two things
 5   different than sending one?
 6                 MR. MERCADANTE:  Same objection.
 7                 THE WITNESS:  In the context of this
 8   claim or the just in general?
 9            Q.  (BY MR. MOORE)  Just in general, is it
10   your opinion that sending two things is different
11   than sending one thing?
12            A.  Yes.
13            Q.  Thank you.  Oh, one more question on that
14   claim before we move on.
15                 In your patents, have you ever used "one
16   of" and "at least one of" in an interchangeable way?
17            A.  Interesting question, and you're good at
18   asking interesting questions.
19                 I have used "at least one of," and I have
20   used "one of."  I have used them both.  I am trying
21   to answer your question about whether or not they are
22   interchangeable.  I mean, I would have to go back and
23   look at the specifics in terms of when I used them
24   and how I used them to be able to say that.  I can't
25   say that within any given context that they are
```

1   identical and will always be the same.

2          Q.   Thank you.  Let's move to the next claim

3   term of interest, and that I believe is found on page

4   12, and it is claim 11 of the '227 Patent.

5          Do you see that claim now at the

6   "wherein" clause?

7          A.   Yes, this is at Section B at the end of

8   paragraph 36?

9          Q.   It is, yes.

10         So would one of ordinary skill in the art

11  understand that setting a reminder to call back said

12  party at a configurable time would complete a call?

13         A.   Yes, because that's what the claim said.

14         Q.   Would one of ordinary skill in the art

15  understand that merely setting a reminder would

16  complete the call?

17         A.   Yes.  The person of ordinary skill in the

18  art -- a person of ordinary skill in the art

19  obviously has skill that he's bringing to the table,

20  but his interpretation of what is said is based upon

21  what the claim says, the claim -- the evaluation and

22  the understanding terms within and on the claim; and

23  then it is read in light of the specification.  The

24  specification supports the claim.

25         The claim makes a statement that the call

Case 2:21-cv-00436-JRG-RSP   Document 58-7   Filed 03/03/23   Page 6 of 14 PageID #: 1074

Multimodal Media, LLC vs Guangdong Oppo Mobile Telecommunications Corp., Ltd.
Joseph C. McAlexander, III on 02/14/2023                                    Page 47

```
 1   completion action comprises setting a reminder to
 2   call back said call party at a configurable time.
 3   That it is positive recitation it is making;
 4   therefore, yes, that is a call completion.
 5            Q.  Mr. McAlexander, does your phone, your
 6   personal phone, have an alarm clock on it?
 7            A.  Yes, it does.
 8            Q.  Would that alarm clock complete a call?
 9            MR. MERCADANTE:  Object to the form.
10            THE WITNESS:  Would the alarm -- the
11   alarm clock itself does not complete a call, not the
12   alarm o'clock itself, but the setting of a reminder
13   using that alarm clock as an example to call back at
14   a call -- yes, that would complete the call,
15   according to the claim.
16            Q. (BY MR. MOORE)  Would looking back require
17   action by a user to complete the call?
18            A.  Does that require an action by the user?
19            It depends on the way in which the
20   software has been instantiated as to whether the user
21   has to back out of the program to do something
22   different or whether this is a prompt as an example
23   of a part of the software module.  It depends on the
24   specifics of the way in which it is substantiated.
25            Q.  Does recording media data on the calling
```

Case 2:21-cv-00436-JRG-RSP   Document 58-7   Filed 03/03/23   Page 7 of 14 PageID #: 1075

Multimodal Media, LLC vs Guangdong Oppo Mobile Telecommunications Corp., Ltd.
Joseph C. McAlexander, III on 02/14/2023                          Page 48

```
 1   party device complete a call?
 2          A.   According to what the claim requires,
 3   yes.
 4          Q.   How would that work?
 5          A.   How does -- how does that work?
 6          Q.   Sure.  How does recording, merely
 7   recording media data on said calling party device,
 8   complete a call?
 9          A.   Well, when you -- just an example, when
10   you record data, then you're basically making a
11   record of the status and the state of that call; and
12   you can -- and part of that could be recording the
13   information that's associated with that call in terms
14   of the time of the call, what transpired as a part of
15   that, whether or not the call was accepted or not,
16   whether or not it was picked up and then hung up,
17   whether or not it timed out.
18               I mean, there is a lot of information
19   that would be recorded that would have some bearing
20   on that particular call.  So any and all of that
21   would be part of transmitting media data.  And I'm
22   looking here.  Just give me a second here.  I'm
23   looking -- I made a copy, by the way, of the three
24   patents and that's what I'm looking at right now is
25   the '227 Patent.
```

Case 2:21-cv-00436-JRG-RSP   Document 58-7   Filed 03/03/23   Page 8 of 14 PageID #: 1076

Multimodal Media, LLC vs Guangdong Oppo Mobile Telecommunications Corp., Ltd.
Joseph C. McAlexander, III on 02/14/2023                                    Page 49

1       Q.  Sure.  I have also marked them as
2  exhibits.  We can go that way or I'm more than happy
3  for you to use what you got.
4            MR. MERCADANTE:  As long as we can
5  just -- as long as we can just state which -- what
6  the exhibit number is so that there is no confusion
7  on the record and get it into the deposition.  I
8  don't -- I don't care either way.  I just want to run
9  it.
10           MR. MOORE:  Yeah, we can handle that at
11  the end if you would like or we will just read
12  through what the exhibits are as I note them.
13           MR. MERCADANTE:  Yeah, I don't care, up
14  to you, as long as we just make sure it is an exhibit
15  to the deposition.
16           MR. MOORE:  It is an exhibit.
17           TECH:  Would you like me to display it on
18  the screen?
19           MR. MOORE:  If Mr. McAlexander has a copy
20  he prefers to use, great; if not, the screen is fine
21  by me.
22           THE WITNESS:  Yeah, as long as --
23           MR. MOORE:  I have two screens in front
24  of me and I have them up, so --
25           THE WITNESS:  It sounds like each of us

Case 2:21-cv-00436-JRG-RSP   Document 58-7   Filed 03/03/23   Page 9 of 14 PageID #: 1077

**Multimodal Media, LLC vs Guangdong Oppo Mobile Telecommunications Corp., Ltd.**
Joseph C. McAlexander, III on 02/14/2023                                  Page 50

1  have copies in front of us, so let's just go there,
2  and if we need to, we will display it.  Right now,
3  it's not necessary.
4              If I look at the '227 Patent, again
5  reading the claim in light of the spec, look at the
6  '227 Patent, at column three, specifically beginning
7  at line 18, "As used herein the term 'media data'" --
8  which is the word, the phrase that we're
9  discussing -- "refers to a stored form or media, for
10 example, sounds, images, videos, text data and so
11 forth, produced and recorded for the purpose of
12 audibly listening to a reproduction of those sounds
13 or for the purpose of viewing a reproduction of the
14 images, videos, text data and so forth."
15             "The media data comprises, for example,
16 one of text data, audio data, video data, audio
17 visual data, image data, multimedia data, message
18 data and so forth and any combination thereof."
19             So, yes, completing a call, according to
20 this "wherein" clause, includes -- because it is a
21 comprising claim element, includes transmitting said
22 media data to a called party device.
23     **Q.   (BY MR. MOORE)  We're not talking about**
24 **the transmission.  The claims --**
25        A.   Sorry, recording -- record -- excuse me.

Case 2:21-cv-00436-JRG-RSP   Document 58-7   Filed 03/03/23   Page 10 of 14 PageID #: 1078

Multimodal Media, LLC vs Guangdong Oppo Mobile Telecommunications Corp., Ltd.
Joseph C. McAlexander, III on 02/14/2023                                    Page 51

 1    I misread this.
 2         Q.  Yes.
 3         A.  Recording media data on said calling
 4    party device.
 5         Q.  So is it your opinion that a person of
 6    ordinary skill in the art would understand that
 7    taking a picture completes a call?
 8              MR. MERCADANTE:  Object to the form.
 9              THE WITNESS:  Taking the picture does not
10    complete the call.  Recording the picture completes
11    the call, recording media data.
12         Q.  (BY MR. MOORE)  How does recording
13    media -- well, what does "recording" mean in this
14    context?
15         A.  Storing.
16         Q.  Storing on a memory of some sort?
17         A.  Yeah, storing on a memory unit of some
18    sort would at least comply with recording.
19         Q.  So taking an image, storing it on the
20    memory of your phone would complete the call; is that
21    true?
22              MR. MERCADANTE:  Object to form.
23              THE WITNESS:  In accordance with this
24    claim, that would be a way in which recording media
25    data on said calling party device occurs and that

Case 2:21-cv-00436-JRG-RSP   Document 58-7   Filed 03/03/23   Page 11 of 14 PageID #: 1079

Multimodal Media, LLC vs Guangdong Oppo Mobile Telecommunications Corp., Ltd.
Joseph C. McAlexander, III on 02/14/2023                                Page 52

 1   claim is -- is one of the comprising options for
 2   completion of a call.
 3          Q.  (BY MR. MOORE)  And would one of ordinary
 4   skill in the art understand the meets and bounds of
 5   the difference between merely taking a picture and
 6   storing it on your phone and having that act complete
 7   the call?
 8          A.  I'm not sure I understand the full scope
 9   of your question.  Let me respond this way and if
10   it's not on track, ask me again:  This hypothetical
11   person is a skilled artisan at the time of the
12   invention to read the claim and understand what the
13   claim says.  He is not -- he or she is not there to
14   import further understanding that is not consistent
15   with this claim.
16               Now, there may be other uses out in the
17   field, because the field might be a broader scope
18   than this requirement.  This is very specifically
19   construed to be a call completion action comprising
20   recording media data on said calling party device.
21   So a person of ordinary skill in the art reading that
22   would understand that's what the intent is, that's
23   what it says and that's what it is.
24          Q.  And my question is:  Would they
25   understand that taking a picture completes a call?

Case 2:21-cv-00436-JRG-RSP   Document 58-7   Filed 03/03/23   Page 12 of 14 PageID #: 1080

Multimodal Media, LLC vs Guangdong Oppo Mobile Telecommunications Corp., Ltd.
Joseph C. McAlexander, III on 02/14/2023                                    Page 53

```
 1                MR. MERCADANTE:  Object to form.
 2                THE WITNESS:  And I already answered
 3   that, no.  I said taking the picture and recording
 4   the picture -- taking the picture is just the CCD
 5   picking up the picture, it is not recorded, so --
 6        Q.  (BY MR. MOORE)  Would they understand that
 7   taking a picture and storing it on the local memory
 8   in your phone completes a call?
 9        A.  "Call completion action comprises
10   recording media data picture on said calling party
11   device."  Yes, he would under -- he or she would
12   understand that.  That's what the claim says.
13        Q.  Moving on, would a person of ordinary
14   skill in the art understand that sending that jpeg in
15   an MMS message to someone else completes the call?
16        A.  Transmitting that saved image to a call
17   party device, yes, he would under -- he or she would
18   understand that that completes the call.
19        Q.  How would a person of ordinary skill in
20   the art understand how to implement a system where a
21   mere text message with an attached image makes a
22   phone call?
23                MR. MERCADANTE:  Object to form.
24                THE WITNESS:  I don't believe that a
25   person skilled in the art would understand that what
```

Case 2:21-cv-00436-JRG-RSP   Document 58-7   Filed 03/03/23   Page 13 of 14 PageID #: 1081

Multimodal Media, LLC vs Guangdong Oppo Mobile Telecommunications Corp., Ltd.
Joseph C. McAlexander, III on 02/14/2023                                   Page 54

1   you just proposed makes a call.

2           Q.  (BY MR. MOORE)  Thank you.

3           A.  That's not what the claim requires.

4           Q.  I didn't ask what the claim requires.
5   Thank you.

6               Would a person of ordinary skill in the
7   art understand that merely transmitting a
8   notification of availability would complete a call?

9               MR. MERCADANTE:  Object to form.

10              THE WITNESS:  Outside the context of the
11  claims, what you have provided is something that is
12  an unknown.

13          Q.  (BY MR. MOORE)  Thank you.

14          A.  The claim requires transmitting a
15  notification on availability of said call party.
16  Transmitting, so he would have that understanding
17  reading the claim, yes.

18          Q.  Would a person of ordinary skill in the
19  art understand that posting a jpeg on a social media
20  platform, such as Instagram, will fire up the
21  telephony circuits and make a phone call?

22              MR. MERCADANTE:  Object to form.

23              THE WITNESS:  Again, I'm taking issue
24  with you're "making a phone call."  This is -- this
25  is call completion.  The call is already in progress.

```
 1                    The issue is how do you complete, how do
 2       you terminate, how did you end the call?  And what is
 3       provided here, the person of ordinary skill in the
 4       art at the time of the invention reading this would
 5       understand transmitting media data, such as the
 6       image, to a social network platform is identified as
 7       call completion action.
 8            Q.  (BY MR. MOORE)  I will ask my question
 9       again if I need to, but would one of ordinary skill
10       in the art understand that merely posting a jpeg on
11       Instagram would complete the call?
12                    MR. MERCADANTE:  Same objection.
13                    THE WITNESS:  Well, you used the term
14       "merely posting."  You could post a jpeg or image on
15       a social media platform that has nothing to do with
16       calls.  So "merely" -- "merely" is -- takes it
17       outside the context of the claim.  The claim is
18       requiring that that is one of the options that's
19       available to transmit media data -- media data to a
20       social networking platform as a part of the call to
21       complete the call.
22            Q.  (BY MR. MOORE)  So let's take a look at
23       this, "any combination of the above."
24                    Would one of ordinary skill in the art
25       understand that in order to transmit said media data,
```